UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH CONSTANT,

    Plaintiff,                                      Case No. 16-14501

v.                                              Honorable John Corbett O'Meara

CHERYL A. MATTHEWS,

    Defendant.
_____/

## **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

    This matter came before the court on defendant Cheryl A. Matthews' February 21, 2017 motion to dismiss. Plaintiff Joseph Constant filed a response April 25, 2017; and Defendant filed a reply May 9, 2017. No oral argument was heard.

    Plaintiff Constant's complaint alleges that Oakland County Circuit Court Judge Cheryl A. Matthews violated his civil rights in ruling against him in his state court proceedings in a dispute with DTE Energy Company. The underlying state court case arises from an action filed by DTE that resulted in its obtaining a preliminary injunction to enter Plaintiff's property to trim trees and conduct line clearance. Plaintiff Constant filed *pro se* the instant suit against Judge Matthews for alleged violations of his civil rights under 42 U.S.C. § 1983.

*Pro se* litigants are held to a less stringent standard than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the leniency granted to *pro se* litigants is not boundless. Martin v. Overton, 391 F.3d 710, 714 (6th Cir. 2004). All litigants must conduct a reasonable inquiry before filing any pleadings. Fed. R. Civ. P. 11(b).

Judicial officers are immune from suits for monetary damages based on actions undertaken in their judicial capacity. Mireles v. Waco, 502 U.S. 9, 11 (1991). The immunity afforded judges applies to actions brought under 42 U.S.C. § 1983 to recover for alleged deprivation of civil rights. Stern v. Mascio, 262 F.3d 600, 606 (6th Cir. 2001). "Judges . . . are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction and are alleged to have been done maliciously or corruptly." Id. at 606.

Plaintiff Constant's claims against Judge Matthews arise directly out of her performance of judicial acts. Although Plaintiff argues that Judge Matthews' acts "were not judicial in nature," they were. Accordingly, Plaintiff's claims are barred by the doctrine of absolute immunity.

# **ORDER**

It is hereby **ORDERED** that defendant Matthews' February 21, 2017 motion to dismiss is **GRANTED.**

                                        s/John Corbett O'Meara
                                        United States District Judge

Date: June 5, 2017

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, June 5, 2017, using the ECF system and/or ordinary mail.

                                        s/William Barkholz
                                        Case Manager